## RYERSON v. TOURCOTTE.

1. JUSTICES OF THE PEACE—WRITTEN INSTRUMENTS — DENIAL OF
EXECUTION.

Under 2 How. Stat. § 6928, dispensing with proof of execution
of an instrument declared upon in justice's court, when the
same is filed with the justice, unless execution be denied
under oath, a denial not under oath is insufficient to render
such proof necessary.

2. BILLS AND NOTES—PRESENTATION AND DEMAND.

It is unnecessary, in order to maintain an action against the
drawer of certain orders to pay plaintiff, which are made pay-
able only on the tenth of each month, that they be presented
to the drawee on that day, if payment when they are pre-
sented to him be refused on the ground that he does not owe
the drawer.

3. SAME—EXECUTION BY AGENT—AUTHORITY.

In an action on certain orders signed by defendant's book-
keeper, evidence that defendant had paid orders so signed, and
had stated that he would pay certain others so signed, is suffi-
cient to justify a finding that the bookkeeper was authorized
by him to sign the orders in suit.

Error to Newaygo; Edwards, J.   Submitted June 7,
1899.   Decided July 11, 1899.

*Assumpsit* by Richard Ryerson against Michael Tour-
cotte on orders for the payment of money.   From a judg-
ment for plaintiff, defendant brings error.   Affirmed.

*A. F. Tibbitts*, for appellant.

*George Luton*, for appellee.

HOOKER, J.   In an action before a justice of the peace,
the plaintiff recovered a small judgment upon some orders,
of one of which the following is a copy:

"Payable on the tenth of each month only.
"No. 40.          LUDINGTON, MICH., February 9, 1894.
"RATH & CARTIER:
"Pay to the order of Oscar Leaf seventeen dollars and
97 cts., for charge to Max Tourcotte ac.
"$17.97.                              MAX TOURCOTTE.
                                        "SCHULEY."

Some of them were payable to other persons.

The case was taken to the circuit court by *certiorari*,
where it was affirmed, and is now in this court upon writ
of error.

The only question in the case is whether there was evi-
dence to support the judgment.    The return of the justice
shows that the declaration was upon six certain written
orders of the defendant, filed with the court as a part of
the declaration.   The plea was the general issue.   Upon
the trial, the defendant's motion to amend the plea, by fil-
ing a written plea denying the execution of the orders,
was granted, but there is nothing in the record indicating
that the execution of the orders was denied under oath, as
required by the statute (2 How. Stat. § 6928).   The sub-
stance of the evidence is returned.   One McDonald testi-
fied that Schuley was defendant's bookkeeper, and he
knew of his giving orders for defendant, and of the same
being paid.   The orders were offered in evidence.   De-
fendant objected, upon the ground that they were in-
competent, irrelevant, and not admissible under the proof
made.   This objection was overruled, and the orders were
admitted.   The witness testified, further, that he had a
talk with defendant, in which he said he would pay some
of the orders and some he would not; that plaintiff was
acting the gentleman with him, and he would pay him.
An objection to this as incompetent was overruled.   The
plaintiff testified that he owned these orders, and nothing
had been paid on them; that he saw three of them drawn;
that the orders were sent to Rath & Cartier, but not paid;
that they said they did not owe defendant.   The defend-
ant was sworn, but did not deny any of the claims of the
plaintiff.

The errors alleged are:

1. That the orders were erroneously admitted, for the reason that there was no testimony tending to prove the indorsements on the back of three of the orders, or that plaintiff had a right to sue on the same, or had any legal title to any of them, nor was there any evidence to show that they were presented to Rath & Cartier for payment on the 10th of any month.

2. That there was no proof that they were presented in a reasonable time, or at any time, to Rath & Cartier for payment, or that the defendant was ever notified, or that they were presented to defendant for payment, nor was there any proper evidence that Schuley had authority to sign such orders.

3. That the court erred in refusing to strike out the statement of McDonald that defendant said he would pay plaintiff.

The orders were admissible without proof, under the statute; their execution not having been denied upon oath.

The testimony of the plaintiff showed that he was owner of them all, and that they were presented for payment to Rath & Cartier, who refused to pay them, because they did not owe defendant. Under these circumstances, it was not necessary to present them again on the 10th of any month, if they were not presented at such a time in the first instance.

The authority of Schuley can be inferred from the testimony in the case.

We find no error, and the judgment is affirmed.

The other Justices concurred.